IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS ADAMS and CONRAD EVERETT, on behalf of themselves and those similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>RHOMBUS SERVICES, LLC (d/b/a Brandpoint Services),<br><br>            Defendant. | 2:24-cv-01124-JMY |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Collective Action Settlement (together "the Motion Papers", ECF No. 62) of the above-captioned matter (the "Lawsuit") between Plaintiffs Marcus Adams and Conrad Everett, on behalf of themselves and the Opt-in Plaintiffs ("Plaintiffs"), and Rhombus Services, LLC ("Defendant") (collectively, "the Parties"), as set forth in the Collective Action Settlement Agreement (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises:

IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined in this Final Approval order are defined in the Parties' Settlement Agreement.

2. This Court has personal jurisdiction over the Named Plaintiffs and all of the Opt-In Plaintiffs and subject matter jurisdiction over the claims asserted in the Lawsuit, and venue is proper.

3.  The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and is supported by the Named Plaintiffs and Plaintiffs' Counsel. The Named Plaintiffs and Plaintiffs' Counsel adequately represented the Opt-In Plaintiffs for purposes of entering into and implementing the Settlement Agreement.

4.  In the absence of further guidance from the Third Circuit Court of Appeals, most Pennsylvania district courts subject settlements of collective Fair Labor Standards Act ("FLSA") lawsuits to judicial review. This Court has previously described the pertinent standards as follows:

> When an employee brings a private action under the FLSA and presents a proposed settlement for the Court's approval, the district court may enter a stipulated judgment if it determines that the settlement is "'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Redden v. King's Corner Pub, LLC*, No. 16-6152, 2017 U.S. Dist. LEXIS 178861, 2017 WL 4883177, at *2 (E.D. Pa. Oct. 27, 2017). In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable to the employee or employees involved"; and (3) "furthers . . . the implementation of the FLSA in the workplace." *Redden*, 2017 U.S. Dist. LEXIS 178861, 2017 WL 4883177, at *2 (citation and internal quotation marks omitted). In addition, courts reviewing an FLSA settlement must ensure that the attorneys' fees and expenses sought to be recovered by plaintiffs' counsel are reasonable. *Id.*; *see also McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 U.S. Dist. LEXIS 75840, 2014 WL 2514582, at *4 (E.D. Pa. June 4, 2014).

*Shaw v. Tabor Community Partners*, 2020 U.S. Dist. LEXIS 228653, *1 n.1 (E.D. Pa. Dec. 2, 2020) (Younge, J.). Based on facts and arguments presented by Plaintiffs' Counsel in the Motion Papers as well as information gained by the Court through prior litigation proceedings, *see, e.g.*, Doc. 29 (order conditionally certifying the FLSA collective), the Court finds that the instant Settlement – which creates a Gross Settlement Fund of $1,200,000.00 – satisfies each of the above-listed factors and, as such, is APPROVED as fair, reasonable, and adequate.

5. The Court grants final certification under 29 U.S.C. § 216(b), for settlement purposes only, of a collective action that includes the Named Plaintiffs and Opt-In Plaintiffs because, for the reasons described in the Motion Papers and prior filings, such individuals are sufficiently "similarly situated" to warrant collective treatment in the context of this settled litigation and for purposes of this settlement only.

6. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties, including all Opt-In Plaintiffs, are bound by the terms and conditions of the Settlement Agreement.

7. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

8. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this matter on the merits and with prejudice, and the Court hereby enters Final Judgment consistent with the terms of this Order.

9. Upon the Effective Date, the Named Plaintiffs shall be bound by the general release described at Section IV.3.A of the Settlement Agreement, under which Named Plaintiffs release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against Defendant and the Released Parties, whether in tort, contract, or for violation of any state or federal statute, rule, or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof with the sole exception of any claims which cannot be released as a matter of law through the Effective Date of the Settlement.

10. Upon the Effective Date, the Opt-In Plaintiffs shall be bound by the limited release described at Section IV.3.B of the Settlement Agreement, which provides:

> Upon the Effective Date, the Opt-In Plaintiffs, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, shall be deemed to fully and finally release and discharge the Released Parties from any and all suits, actions, causes of action, claims, or demands in any way relating to or arising from their work for Defendant or Defendant's clients, that were asserted or could have been asserted in the Lawsuit, or that relate to or arise out of any facts alleged in any version of the complaint filed in the Lawsuit, from the date three years prior to the filing of their written consent to become a party plaintiff to the Lawsuit pursuant to 29 U.S.C. § 216(b) through the Effective Date. This release includes but is not limited to all claims for unpaid wages (including overtime wages) and all claims for damages, reimbursements, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., or any federal, state, and local laws, statutes, regulations, ordinances, or wage orders, alleging unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement (collectively, the "Released Claims"). The Opt-In Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims. However, upon the Effective Date, and notwithstanding the execution or non-execution of releases, all Opt-In Plaintiffs shall be deemed to have, and by operation of this Agreement and the FLSA Approval Order and Final Judgment, shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. Opt-In Plaintiffs forever shall be barred from accepting, joining, or instituting any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified herein, concerning, related to, or arising from any of the Released Claims. Nothing in this provision releases any claims that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.

11. Upon entry of this Final Approved Order and Judgment, the Named Plaintiffs and Opt-In Plaintiffs shall be barred and enjoined from: (a) further litigation in this case; and (b) filing

or taking any action directly or indirectly to commence, prosecute, pursue, or participate in an individual or class action or collective action any action, claim, or proceeding against Defendant or any of the Released Parties in any forum asserting any of the claims released in the Settlement Agreement, or taking any steps that in any way would prevent any such claims from being extinguished.

12.     The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that so long as the revisions are consistent in all material respects with this Final Approval Order.

13.     The Court awards $20,000.00 to the Settlement Administrator, ILYM, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.  Plaintiffs' Counsel shall be responsible for the payment of any costs or fees incurred by the Settlement Administrator beyond $20,000.00

14.     The Court awards Plaintiffs' Counsel $400,000.00 in attorney's fees and $12,809.00 litigation expenses, which are payable from the Gross Settlement Fund as described in the Settlement Agreement. The Court finds that the attorneys' fee award here, which equal one-third of the Settlement Fund, are in line with fee awards provided in similar cases in this District and is reasonable in light of both the risk that Plaintiffs' Counsel took on in accepting the case and the relief Plaintiffs' Counsel ultimately obtained for the Named and Opt-In Plaintiffs.

15.     The Court awards Named Plaintiffs Marcus Adams and Conrad Everett $10,000.00 each as a Service Award, which is payable from the Gross Settlement Fund, on the conditions set forth in and as described in the Settlement Agreement.

16. To the extent that a check issued to a Named Plaintiff or Opt-In Plaintiff is not cashed within one hundred and twenty (120) days after the date of issuance, such funds shall be returned to Defendant.

17. This Approval Order is final within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

18. Without affecting the finality of this Final Approval Order and Judgment for purposes of appeal, the Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

IT IS SO ORDERED on this 24th day of Novemeber, 2025.

BY THE COURT:

/s/ John Milton Younge
_____
Judge John Milton Younge